## VANMETER *vs*. BORDEN.

The writ of assistance refused, because the sale under the execution was not sufficiently advertised as to one of the tracts sold. The writ is discretionary, and will be granted only in clear cases.

*Mr. M. P. Grey*, for petitioner.

*Mr. S. M. Dickinson*, for respondent.

THE VICE-CHANCELLOR.

The petitioner is the purchaser, at sheriff's sale, of the mortgaged premises sold under execution in the above suit. This petition is for a writ of assistance.

This writ is a summary process only used when the right is clear, and when there is no equity, or appearance of equity, in the defendant, and when the sale and proceedings under the decree are beyond suspicion. *Blauvelt* v. *Smith*, 7 *C. E. Green* 31. The exercise of the power rests in the sound discretion of the court. It will never be exercised in a case of doubt, nor under color of its exercise, will a question of legal title be tried or decided. *Schenck* v. *Conover*, 2 *Beas.* 220.

In the present case, I think the application should be re-

fused. Two tracts were embraced in the mortgage and execution : one of about one hundred and fifty-eight acres, and one of about twenty acres. The first tract was described by metes and bounds, in the advertisement of sale, and the second was described as follows : " Also, twenty acres of land adjoining the above mentioned plantation, acquired by sundry purchases." There was nothing added to the words above quoted, to show the location or kind of land of the second tract, either in the advertisement or the sheriff's deed. The description of the first tract was also incorrect in one of the courses and distances. In addition to these objections, it was urged on behalf of the respondent, in opposition to the granting of the writ, that the defendant in execution had been misled in respect to the adjournment of the sale by the sheriff, or that an adjournment which had been promised, was afterwards refused. I do not think the objection made to the description of the larger tract a serious one, nor does it seem to me, from the evidence, that there was any want of fairness in the making of the sale without an adjournment. The description of the second tract is objectionable, if, indeed, it can be regarded as any description whatever. Possession has been demanded of both tracts, and the petitioner holds a deed for both. The case is plainly one where the writ to put the petitioner in possession of both tracts ought not to issue. This being so, I am asked to advise that the petitioner be permitted to amend his petition so that it may be an application for the possession of the first tract only. I cannot so advise. The purchaser claims title to both tracts, and should be left to his legal remedy of ejectment for one as well as the other. There seems to me no sufficient cause to justify the separation of the transaction, giving relief in this court by summary process as to one part, and exposing the defendant to an action at law for the other. The legal questions growing out of the advertisement by the sheriff, can be settled in a court of law, to which, I think, the petitioner, under the circumstances, should be left for relief. The petition should be dismissed,

without costs, for the reason, in respect to costs, that the petitioner's points, in support of which the costs were mainly incurred, were not supported.